NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 24-5101

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

CENTER FOR BIOLOGICAL DIVERSITY, et al.,
*Plaintiffs-Appellees*,

v.

MICHAEL REGAN, et al.,
*Defendants*,

and

STATE OF FLORIDA, et al.,
*Intervenors-Defendants-Appellants.*

---

Appeal from the United States District Court for the District of Columbia
No. 1:21-cv-00119 (Hon. Randolph D. Moss)

---

**FEDERAL DEFENDANTS' RESPONSE TO FLORIDA'S MOTION FOR STAY PENDING APPEAL**

---

|  |  |
|---|---|
|  | TODD KIM<br>*Assistant Attorney General* |
| Of Counsel:<br><br>KATHERINE WAINWRIGHT<br>*Attorney*<br>U.S. Army Corps of Engineers | RACHEL HERON<br>JOAN PEPIN<br>REBECCA JAFFE<br>*Attorneys*<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>Post Office Box 7415<br>Washington, D.C. 20044<br>(202) 305-0258<br>rebecca.jaffe@usdoj.gov |

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

A.  **Parties and Amici**

Plaintiffs-Appellees are the Center for Biological Diversity; Defenders of Wildlife; Sierra Club; Conservancy of Southwest Florida; Florida Wildlife Federation; Miami Waterkeeper; and St. Johns Riverkeeper.

Federal Defendants are Michael S. Regan, in his official capacity as Administrator for the U.S. Environmental Protection Agency (EPA); Radhika Fox, in her official capacity as Assistant Administrator for the Office of Water of the EPA; Jeffrey Prieto, in his official capacity as General Counsel for the EPA; Lawrence Starfield, in his official capacity as Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance for the EPA; John Blevins, in his official capacity as Acting Administrator for Region 4 of the EPA; Leopoldo Miranda-Castro, in his official capacity as Regional Director for the U.S. Fish and Wildlife Service (FWS); Martha Williams, in her official capacity as Principal Deputy Director for the FWS; Scott Spellmon, in his official capacity as Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; James Booth, in his official capacity as District Commander of the Jacksonville District for the Corps; EPA; Corps; and FWS.

Intervenor-Defendant-Appellants are the State of Florida and Florida Department of Environmental Protection.

Tarpon Blue Silver King I, LLC, doing business as Collier Enterprises, Ltd., was an additional party before the district court.

Amici before the district court were the Association of Florida Community Developers, Incorporated; Florida Chamber of Commerce; Cameratta Companies LLC; CAM7-SUB, LLC; Lennar Corporation; G.L. Homes; Greenpoint Holdings; KB Home; Pulte Group; Taylor Morrison; Florida Transportation Builders Association; Florida State Hispanic Chamber of Commerce; and Associated Industries of Florida.

As of the time of this filing, there are no amici before this Court.

### B.     Rulings Under Review

The State of Florida and the Florida Department of Environmental Protection appeal the district court's February 15, 2024 order, as amended on April 12, 2024. That order was made final and appealable on April 12, 2024, when the district court entered a final judgment under Federal Rule of Civil Procedure 54(b).

### C.     Related Cases

None.

/s/ *Rebecca Jaffe*  
REBECCA JAFFE

Counsel for the United States

2

Federal Defendants take no position on Florida's motion for stay pending appeal.[1] Federal Defendants do, however, submit that the Corps is administering 404 permitting in a way that serves the public. As explained in the attached declaration of Shawn H. Zinszer, Chief of the Regulatory Division of the U.S. Army Corps of Engineers' Jacksonville District, the Corps has the resources to administer 404 permitting in waters in which Florida was previously issuing permits before the district court's vacatur order. Zinszer Decl. (Apr. 30, 2024) (attached). The Corps is diligently processing permit applications and will continue to do so to mitigate any disruption and delay to applicants. *Id.*

---

[1] The Solicitor General is responsible for determining whether, and to what extent, the United States will pursue an appeal when the United States receives an adverse decision. *See* 28 C.F.R. § 0.20. The Solicitor General has not yet decided whether to authorize an appeal in this case. The deadline for the United States to notice an appeal has not yet run.

3

        Respectfully submitted,

        /s/ *Rebecca Jaffe*
        TODD KIM
        *Assistant Attorney General*

Of Counsel:

        RACHEL HERON
        JOAN PEPIN
KATHERINE WAINWRIGHT    REBECCA JAFFE
*Attorney*        *Attorneys*
U.S. Army Corps of Engineers    Environment and Natural Resources Division
        U.S. Department of Justice
        Post Office Box 7415
        Washington, D.C. 20044
        (202) 305-0258
        rebecca.jaffe@usdoj.gov

April 30, 2024
DJ 90-5-1-4-21866

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 168 words.

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Rebecca Jaffe*
REBECCA JAFFE

Counsel for the United States

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MICHAEL REGAN, *et al.*, <br><br> Defendants <br><br> STATE OF FLORDA, et al., <br>    Intervenors-Defendants-Appellants. | Case No. 24-5101 |

## **DECLARATION OF SHAWN H. ZINSZER**

I, Shawn H. Zinszer, declare, based on my personal knowledge, the following:

1. My name is Shawn H. Zinszer.

2. I am more than 18 years old, and I am competent to provide this declaration.

3. All the information contained in this declaration is based on my own personal knowledge.

4. I submit this declaration to support the Federal Defendants' response to Florida's motion for stay pending appeal.

5. I am the Chief of the Regulatory Division of the U.S. Army Corps of Engineers' ("Corps") Jacksonville District. I have served in that position since June of 2018. Before working for the Jacksonville District, I worked as the Chief of the Regulatory Branch of the Corps' Portland District from 2012 through 2018. Before that, I served as a Project Manager for the Corps' Seattle District and as a Section Chief and Project Manager for the Corps' Sacramento District.

1

6. In my capacity as the Chief of the Jacksonville District's Regulatory Division, my responsibilities include allocation of resources, staffing, and management and oversight of the Regulatory Program, including the staff that review and process applications for permits under Section 404 of the Clean Water Act, among other authorities.

7. In Fiscal Year 2020, the year before the U.S. Environmental Protection Agency approved Florida' application to assume the Section 404 program, the Jacksonville District Regulatory Program's funding level was $17,394,000, which supported 103.3 full-time equivalent staff positions.

8. In Fiscal Year 2024, the Jacksonville District Regulatory Program's funding level is $23,530,000, which supports 132 full-time equivalent staff positions. As of April 8, 2024, Jacksonville District has 126 staff members, which is approximately 23 more full-time equivalent staff members than it had at the time of assumption. Jacksonville District is in various stages of filling multiple vacancies to achieve the staffing level the budget will support (132 full-time equivalent staff positions). Once those positions are successfully filled, the Jacksonville District will have approximately 29 more full-time equivalent staff members than it did at the time assumption went into effect.

9. Since this Court vacated EPA's approval of Florida's Section 404 program, the Corps has complied with the Court's order. The Corps' Jacksonville District placed the following notice on its public website:

> State 404 Program Update
>
> On Thursday, February 15th, the U.S. District Court for the District of Columbia issued a decision vacating the U.S. Environmental Protection Agency's approval of Florida's application to assume Clean Water Act Section 404 permitting responsibilities in certain waters in Florida. In light of this decision, the U.S. Army Corps of Engineers (USACE) is currently the only entity in the State of

2

> Florida with authority to issue permits under Section 404 of the Clean Water Act. The USACE recognizes that either the District Court or an Appellate Court may issue a full or partial stay of the February 15th order at some point. In the interim, applicants may submit applications to the USACE for activities involving the discharge of dredged or fill material into formerly state-assumed waters. The USACE will begin processing any applications it receives, however applicants and stakeholders should recognize the uncertainty surrounding the current litigation.

(See https://www.saj.usace.army.mil/Missions/Regulatory/). The Corps immediately began accepting and processing permit applications for projects in waters that had previously been assumed by the State.

    10.    The Corps' Jacksonville District also immediately began discussions within the District, with the South Atlantic Division, and with Corps Headquarters to make short- and long-term plans to address the increased workload. The Corps has identified personnel within the South Atlantic Division and other Corps Districts (both within the South Atlantic Division and across the nation) that are available to help process this workload. The Corps has a plan to assign projects and train and manage personnel from outside the Jacksonville District for reviewing Florida permits, and that plan will continue to be updated as needed. Project managers in the Jacksonville District have continued to process Section 404 applications in retained waters since the date of assumption, and the personnel it will draw on from other Districts and Divisions already process Section 404 applications in their respective states. The only training those outside personnel may need is on Florida-specific processes and on how to manage and prioritize this workload. The Jacksonville District is closely coordinating with its Division and Headquarters Offices to ensure its funding and staffing levels align with its current and anticipated workload levels.

11. Permit applications received from Florida or by applicants for projects in state-assumed waters will not go to the "back of the line." Applications will initially be screened and assigned in the same manner as any other application. Review tasks will be incorporated into project managers' existing queues. The review timeline for a particular application will depend on complexity and any special circumstances specific to that application. An applicant whose application has been pending with Florida may have developed a substantial amount of technical and environmental information. While the Corps will have to independently evaluate any such information, the Corps expects that the information developed through the state's process will help expedite the Corps' review of those applications.

12. Since the date of the Court's vacatur, the Corps has received permit applications and inquiries from numerous applicants for projects in formerly state-assumed waters. As of the close of business on April 28, 2024, data entry shows that the Jacksonville District has received 212 actions in state-assumed waters, including 156 permit applications, as well as other requests from the public. Of the 156 permit applications that the Jacksonville District has received since the vacatur, the Corps has verified that 10 of those projects are authorized to proceed under Nationwide Permits.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 30, 2024, in Duval County, Florida.

*Shawn H. Zinszer* 4/30/24
Shawn H. Zinszer