**EXHIBIT 7**

**Technical Assistance Process Compared to Endangered Species Act Section 7 Consultation**

| Requirement | Section 7 Consultation | Technical Assistance Process |
|---|---|---|
| **Triggering Event/ Effects Determination** | Whenever a discretionary federal agency action may affect a species, an action agency must engage in Section 7 consultation. 16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14(a). <br><br> If the action agency determines after preparing a BA or during information consultation that the action is not likely adversely affect species, and USFWS provides a written concurrence, consultation is not required. 50 C.F.R. § 402.14(b)(a).  *Accord id.* §§ 402.12(k)(1). 402.13(c), 402.14(m)(3).[1] | If the State determines an application may cause an adverse impact or adverse effect to listed species, technical assistance continues.[2] FWS-006028, at FWS-006057. <br><br> If the State determines that an application will have no adverse impacts, and USFWS has not submitted information or questions **that would lead the State to reconsider its determination**, the species review concludes for the application. FWS-006028, at FWS-006056. <br><br> USFWS will provide information if it "**disconfirms**" the State's effect determination.  Otherwise, USFWS response may indicate the application had been received and reviewed and USFWS had no comments. FWS-006028, at FWS-006058. <br><br> "USFWS **will not 'concur'** with any effect determinations made by the State of Florida, but rather **may provide comments and conditions** that must be implemented in order for the permit to be issued." FWS-006028, at 006058. |

---

[1] Florida contends otherwise, Dkt. 149-3 at 2, 4 n.d, but USFWS must concur with an agency's "may affect, not likely to adversely effect" determination, 50 C.F.R. § 402.14(b)(a).  Moreover, when a federal agency makes an unlawful "no effect" determination, that decision is subject to an ESA enforcement action from USFWS or the public.  *Karuk Tribe v. USFS*, 681 F.3d 1006 (9th Cir. 2012).
[2] *See* USFWS & NMFS, Endangered Species Consultation Handbook at 67–68 (1998), *available at* https://www.fws.gov/sites/default/files/documents/endangered-species-consultation-handbook.pdf (describing technical assistance provided to federal agencies during informal ESA consultation).

| | | |
|---|---|---|
| **Biological Opinion** | USFWS must create a written statement of USFWS' opinion, summary of information on which opinion is based, and detail of how the action affects species or its critical habitat.<br>16 U.S.C. § 1536(b)(3)(A). | |
| **Best Available Science** | Both action agency and USFWS must use best scientific and commercial data available during consultation.<br>16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.14(d), (g)(8).[3] | |
| **Baseline Analysis** | USFWS must analyze the environmental baseline, which is the condition of the species or critical habitat, accounting for the past and present impacts of all federal, state, or private actions in the action area; the anticipated effects of all proposed federal actions that have already undergone consultation; and the impact of state or private actions that are contemporaneous.<br>50 C.F.R. §§ 402.14(g)(2), 402.02. | |

---

[3] Florida cites the definition of "best available data" from the BiOp to suggest that USFWS must use the "best available science" during technical assistance, Dkt. 149-3 at 3, 4 n.dd, but that definition is not an express requirement to use the best available science during the technical assistance process, and Florida points to no authority that suggests it is.  Plaintiffs searched "best available data" and "best available science," and aside from the definition, found only one reference in the entire BiOp, which says that the best available data would be used by FDEP and FWC, and coordinated with USFWS, to make the preliminary effects determinations that decide whether technical assistance is required.  FWS-006028, at FWS-006062 (BiOp).  Nothing in the technical assistance process binds USFWS to comply with the ESA's best available science requirement at the permit level.

| | | |
|---|---|---|
| **Effects Analysis** | USFWS must evaluate the effects and cumulative effects on listed species and critical habitat.  "Effects of the action" include all effects of the proposed action, along with consequences of other activities that would not occur but-for the action and that are reasonably certain to occur.  "Cumulative effects" are effects of future state or private activities that are reasonably certain to occur within the action area.<br>16 U.S.C. § 1536(a)(2), (b)(3)(A); 50 C.F.R. §§ 402.14(g)(2)–(3), 402.02. | USFWS "**may or may not**" comment on impacts. FWS-006028, at FWS-006064.  *Contra* Dkt. 106 at 34 n.15 (citations do not support the Defendants' characterizations). |
| **Jeopardy Analysis** | USFWS must add the effects of the action and cumulative effects to the environmental baseline and in light of this information, formulate its opinion as to whether the action is likely to jeopardize the continued existence of a protected species or result in the destruction or adverse modification of critical habitat. "Jeopardize the continued existence" means to take an action that reasonably would be expected, directly or indirectly, to reduce appreciably the likelihood of both the survival and recovery of a listed species in the wild by reducing the reproduction, numbers, or distribution of that species. "Destruction or adverse modification" means a direct or indirect alteration that appreciably diminishes the value of critical habitat as a whole for the conservation of a listed species.<br>16 U.S.C. § 1536(b)(3)(A); 50 C.F.R. §§ 402.14(g)(4), 402.02. | USFWS will receive and review 404 permits and provide technical assistance "**as needed**" to ensure permitting is not likely to jeopardize species or adversely modify or destroy critical habitat. FWS-006028, at FWS-006046.  *Accord id.* at FWS-006106 (USFWS will be "**provided an opportunity**" to provide technical assistance), FWS-006056 (USFWS "**may**" submit questions within twenty days or have their silence deemed "no comment"), FWS-006058 (USFWS "**may**" provide information to the State), FWS-006108 (process "**will allow**" USFWS to provide input).  *Contra* Dkt. 99 at 31 (citations do not support the Defendants' characterization). |
| **Reasonable and Prudent Alternatives** | If USFWS finds that jeopardy is likely to occur, it must propose reasonable and prudent alternatives that could be implemented consistent with the action that would avoid jeopardizing the species or destroying or adversely modifying critical habitat.<br>16 U.S.C. § 1536(b)(3)(A); 50 C.F.R. § 402.14(h)(2). | If an action may jeopardize species, the State, USFWS, and the applicant "**will discuss** to determine what **if any** protective measures **may be appropriate**." FWS-006028, at FWS-006068. |

| Incidental Take Statement | If take is likely to occur, USFWS must issue an incidental take statement. 16 U.S.C. § 1536(b)(4). | |
|---|---|---|
| Incidental Take Limit | In the incidental take statement, USFWS must specify the amount or extent of take; surrogate may be used in lieu of a numerical limit only if USFWS describes the causal link between the surrogate and the take, explains why a numerical limit is impractical, and sets a clear standard for reinitiation of consultation. 16 U.S.C. § 1536(b)(4); 50 C.F.R. § 402.14(i)(1)(i). | If take is likely, the amount or extent of take will be quantified by USFWS "**in coordination with**" the State. FWS-006028, at FWS-006108. *Accord* Dkt. 99 at 33. |
| Incidental Take Liability | "[A]ny taking that is in compliance with the terms and conditions specified in a written statement provided under subsection (b)(4)(iv) shall not be considered to be a prohibited taking of the species concerned." 16 U.S.C. § 1536(o).[4] | |
| Terms and Conditions | USFWS must set forth terms and conditions that implement reasonable and prudent measures necessary or appropriate to minimize the impact of take. 16 U.S.C. § 1536(b)(4)(C)(ii), (iv), (o); 50 C.F.R. § 402.14(i)(1)(ii), (iv). | "In some cases, **depending upon the project**, the USFWS **may** submit recommendations to [the State]" for protective measures. FWS-006028, at FWS-006057.<br><br>USFWS "**may or may**" nor comment on proposed protective measures. FWS-006028, at FWS-006064.<br><br>The State and USFWS will monitor and track take. FWS-006028, at FWS-006108. |

---

[4] The terms and conditions of the programmatic ITS create no obligations for permittees. FWS-006028, at FWS-006109–10. Florida relies on a statement from the ITS that "any take" incidental to a state 404 permit is exempt "if the permittee implements all permit conditions ... as agreed upon by the State and the USFWS," Dkt. 149-3 at 2, 5 n.r (citing FWS-006028, at FWS-006108 (BiOp)); but this is not included as a term and condition of the programmatic ITS. FWS-006028, at FWS-006109–10. Nor does this language state that a permittee must comply with a take limit established by USFWS at the permit-level to receive take liability protection or even that USFWS must establish a permit-level take limit at all. *Id.* at FWS-006108

| | | |
|---|---|---|
| **Reinitiation** | USFWS and the federal action agency must reinitiate consultation when agency retains discretionary involvement or control and: (1) take limit has been exceeded; (2) new information reveals effects in a manner or to an extent not previously considered; (3) the action is modified in a way that effects species; or (4) a new species is listed or new critical habitat designated that may be affected. 50 C.F.R. § 402.16(a). | **The State** will reopen the permit if take is exceeded or a new species is listed. FWS-006028, at FWS-006111.  *Accord* Dkt. 99 at 33. |
| **EPA Oversight** | EPA may veto permits by the Corps for limited reasons. 33 U.S.C. § 1344(c). | EPA will retain oversight over permits with the reasonable potential for affecting listed species and critical habitat. FWS-006028, at FWS-006051.<br><br>EPA interprets this phrase to mean USFWS determines "which species are endangered or threatened." FWS-006639, at FWS-006639 (USFWS email). |