# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Case No. 1:21-cv-0119 (RDM) |

### FEDERAL DEFENDANTS' RESPONSE TO FLORIDA'S MOTION FOR ENTRY OF FINAL JUDGMENT

Federal Defendants agree with Florida's Motion for Entry of Final Judgment (Dkt. 171) in one limited respect—entry of a final judgment is appropriate if the Court denies Florida's Motion for Limited Stay (Dkt. 166). As we explained, a limited stay is neither workable nor lawful under the circumstances present here, and so the Court should deny Florida's limited stay motion. *See* Dkt. 165. And, once that limited stay motion is denied, the Court's order vacating EPA's approval of Florida's assumption request provides Plaintiffs complete relief and renders moot Plaintiffs' remaining unresolved claims (claims one, two, five, and seven). In this circumstance, the Court should dismiss without prejudice the remaining claims as moot and enter final judgment under Federal Rule of Civil Procedure 58(d). Federal Defendants take no position on Florida's other requests, including whether the Court should enter final judgment if it grants, in whole or in part, Florida's motion for a limited stay.

In further support, Federal Defendants state as follows:

1

1.      A live controversy must exist at all stages of review. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). "Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (citation omitted). Courts evaluate mootness on a claim-by-claim basis. *Louie v. Dickson*, 964 F.3d 50, 54 (D.C. Cir. 2020).

2.      The Court vacated EPA's approval of Florida's application to assume Section 404 permitting authority. Dkt. 163-164 (also vacating ESA consultation documents).[1] This vacatur order provides Plaintiffs with complete relief because *all claims* in this case address (or seek to redress) alleged harms flowing from EPA's approval. *See* Dkt. 77 at 17 (Amended Compl. ¶ 74) (alleging that Plaintiffs' various claims are directed at showing that "EPA's approval of Florida's 404 assumption application is unlawful and must be set aside…"); Dkt. 105 at 107 (Plaintiffs arguing that they challenged "several agency actions that have altered the legal regime for 404 permitting in Florida to the detriment of Plaintiffs"). This conclusion applies to the unresolved claims, which challenge the now-vacated EPA approval (claim two and five) or preliminary, intermediate steps in EPA's approval process (claim one and seven). *See* Dkt. 77 at 27-35 (second claim); *id.* at 42-43 (fifth claim); *id.* at 25-27 (first claim); *id.* at 45 (seventh claim).[2]

---

[1] In compliance with the Court's vacatur order, the Corps is now the Section 404 permitting authority in Florida. It has begun processing permits submitted to it, and it will process other permits pending before Florida when it receives them. *See* State 404 Program Update *at* https://www.saj.usace.army.mil/Missions/Regulatory/ (last visited Mar. 18, 2024).

[2] Plaintiffs have clarified the seventh claim and tied it directly to EPA's now vacated decision. *See*, *e.g.*, Dkt. 105 at 77 (arguing the seventh claim arises in the context of "EPA's approval of Florida's program as *based* on that [retained waters] list"); Dkt. 123 at 25 (same); *see also* Dkt.

2

3.  Because the Court cannot vacate EPA's decision twice, any further rulings cannot affect Plaintiffs' rights and would "necessarily be advisory, something a federal district court is prohibited from doing." *Coal River Mountain Watch v. Jewell*, No. 08-cv-2212 (BJR), 2014 WL 12884029 at *2 (D.D.C. July 9, 2014). Thus, while Plaintiffs also sought declaratory relief in the amended complaint, the "potential of declaratory relief alone cannot save [an] action from mootness" when, as here, the Court can grant no further effective relief. *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 n.3 (D.C. Cir. 1998). For this reason, courts decline to consider claims when the "decision to vacate the [action] moots the issue." *Ala. Power Co. v. EPA,* 40 F.3d 450, 456 (D.C. Cir. 1994); *see also Nat'l Res. Def. Council v. EPA*, 489 F.3d 1250, 1261-62 (D.C. Cir. 2007) (dismissing as "moot" claims on vacated rule).

4.  No exceptions to mootness apply. The voluntary cessation exception "has no play in this case" because mootness stems from the Court's order, not an agency action. *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 648 (D.C. Cir. 2011). Further, the "'allegedly wrongful behavior' in this case is highly fact- and context-specific, rather than conduct that is likely to 'recur' on similar facts and in the same context." *Unified Sch. Dist. No. 259 v. Disability Rts. Ctr. of Kan.*, 491 F.3d 1143, 1150 (10th Cir. 2007); *Spirit of the Sage Council v. Norton*, 411 F.3d 225, 230 (D.C. Cir. 2005) (a "theoretical possibility" of recurrence does not "warrant our deciding the issues presented when no relief can be afforded"). And, in any event, the challenged conduct is not of a duration that is likely to evade review, as shown by this case.

5.  Finally, Plaintiffs are not prejudiced by dismissal of the remaining claims as moot. Any dismissal for lack of jurisdiction "can only be without prejudice," *N. Am. Butterfly*

---

105 at 113 (for the seventh claim, arguing "EPA should then only approve Florida's program after assuring that its action too will only transfer authority over assumable waters to the State").

*Ass'n v. Wolf*, 977 F.3d 1244, 1253 (D.C. Cir. 2020), which means Plaintiffs can pursue the unresolved claims if EPA's approval is revived following appeal. *See also*, *cf. Alaska v. U.S. Dep't of Agric.*, 772 F.3d 899, 900 (D.C. Cir. 2014) ("a new right of action accrued" for statute of limitation purposes following reinstatement of a rule by judicial action).

\* \* \*

If the Court denies Florida's motion for a limited stay, the Court should refrain from issuing an advisory opinion on the unresolved claims and, instead, dismiss the remaining claims as moot and enter final judgment under Federal Rule of Civil Procedure 58(d).

Dated: March 18, 2024.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

Andrew S. Coghlan (CA Bar 313332)
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-9275
Fax: (202) 514-8865
Email: Andrew.Coghlan@usdoj.gov

*/s/ Michael R. Eitel*
Michael R. Eitel (NE Bar 22889)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 302
Denver, Colorado 80202
Tel: 303-844-1479
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*