NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 24-5101

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

CENTER FOR BIOLOGICAL DIVERSITY, et al.,
*Plaintiffs-Appellees*,

v.

MICHAEL REGAN, et al.,
*Defendants*,

and

STATE OF FLORIDA, et al.,
*Intervenors-Defendants-Appellants.*

---

Appeal from the United States District Court for the District of Columbia
No. 1:21-cv-00119 (Hon. Randolph D. Moss)

---

**FEDERAL DEFENDANTS' OPPOSITION TO FLORIDA'S MOTION TO EXPEDITE**

---

TODD KIM
*Assistant Attorney General*

RACHEL HERON
JOAN PEPIN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 305-0258
rebecca.jaffe@usdoj.gov

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A.     Parties and Amici

Plaintiffs-Appellees are the Center for Biological Diversity; Defenders of Wildlife; Sierra Club; Conservancy of Southwest Florida; Florida Wildlife Federation; Miami Waterkeeper; and St. Johns Riverkeeper.

Federal Defendants are Michael S. Regan, in his official capacity as Administrator for the U.S. Environmental Protection Agency (EPA); Radhika Fox, in her official capacity as Assistant Administrator for the Office of Water of the EPA; Jeffrey Prieto, in his official capacity as General Counsel for the EPA; Lawrence Starfield, in his official capacity as Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance for the EPA; John Blevins, in his official capacity as Acting Administrator for Region 4 of the EPA; Michael Oetker, in his official capacity as Regional Director for the U.S. Fish and Wildlife Service (FWS); Martha Williams, in her official capacity as Director for the FWS; Scott Spellmon, in his official capacity as Chief of Engineers and Commanding General of the U.S. Army Corps of Engineers; James Booth, in his official capacity as District Commander of the Jacksonville District for the Corps; EPA; Corps; and FWS.

Intervenor-Defendant-Appellants are the State of Florida and Florida Department of Environmental Protection.

Amici before this Court are the Florida Chamber of Commerce; the Association of Florida Community Developers, Inc.; the Mosaic Company; the Florida Home Builders Association; the Florida Transportation Builders' Association; the Leading Builders of America; the Associated Industries of Florida; the Lennar Corporation; G.L. Homes of Florida Corp.; Greenpoint Holdings; KB Home; Pulte Group; Taylor Morrison Home Corp; Florida State Hispanic Chamber of Commerce.

Tarpon Blue Silver King I, LLC, doing business as Collier Enterprises, Ltd., was an additional party before the district court.

Additional amici before the district court were Cameratta Companies LLC and CAM7-SUB, LLC.

**B.     Rulings Under Review**

The State of Florida and the Florida Department of Environmental Protection appeal the district court's February 15, 2024 order, as amended on April 12, 2024. That order was made final and appealable on April 12, 2024, when the district court entered a final judgment under Federal Rule of Civil Procedure 54(b).

**C.     Related Cases**

None.

/s/ *Rebecca Jaffe*
REBECCA JAFFE

Counsel for the United States

Federal Defendants oppose Florida's motion to expedite and impose a deadline of July 2, 2024 for the United States' opening brief in an appeal that the United States has not yet filed and which it may file at any time until June 11, 2024, and for which the process of deciding whether to appeal is ongoing. Under Florida's proposed schedule, the United States would have less than one month from noticing its appeal to file an opening brief. The United States respectfully requests that the Court deny Florida's attempt to preemptively truncate the United States' window to weigh whether to appeal and, if appeal is authorized, prepare a brief addressing complex and significant legal questions about the United States' own responsibilities under the Endangered Species Act.

1. The D.C. Circuit Handbook provides that the Court "grants expedited consideration very rarely" and "the reasons must be strongly compelling." *Handbook of Practice & Internal Procedures*, D.C. Circuit, p. 34 (Mar. 16, 2021) (*Handbook*). Florida contends that expedition is justified here because irreparable harm will occur if briefing is not expedited. Mot. 8–9. But the Court already denied Florida's motion for a stay pending appeal—which made largely the same arguments regarding irreparable injury—because Florida "ha[d] not satisfied the stringent requirements for a stay pending appeal," which include the requirement to demonstrate irreparable injury. Order (May 20, 2024). And, as the United States noted in its response to Florida's motion for stay pending appeal, the Army

1

Corps of Engineers "is administering 404 permitting in a way that serves the public" and "has the resources to administer 404 permits in waters in which Florida was previously issuing permits before the district court's vacatur order."  Fed. Defs.' Resp. Fl. Mot. Stay Pending Appeal (Apr. 30, 2024) (citing Declaration of Shawn H. Zinszer, Chief of the Regulatory Division of the Army Corps of Engineers' Jacksonville District (Apr. 30, 2024)).

 2.  In any event, regardless of whether Florida has demonstrated that expedition of its appeal is appropriate, Florida cannot show that the specific shortened briefing schedule it seeks to impose is warranted, particularly as to an appeal that the United States has not yet filed.  *Cf. Handbook* at 34 ("An order granting expedition does not automatically shorten the briefing schedule.").

 3.  The Solicitor General is responsible for determining whether, and to what extent, the United States will appeal when the United States receives an adverse decision.  *See* 28 C.F.R. § 0.20.  Courts have long recognized that the United States' deliberations over whether to appeal are extensive.  "[T]he Solicitor General considers a variety of factors, such as the limited resources of the government and the crowded dockets of the courts, before authorizing an appeal."  *United States v. Mendoza*, 464 U.S. 154, 161 (1984).  In addition, any decision in this case requires input from the Environmental Protection Agency, the U.S. Fish and Wildlife Service, the U.S. Army Corps of Engineers, and the National Marine

Fisheries Service—as well as multiple sections within the Environment and Natural Resources Division of the Department of Justice.

The Solicitor General has not yet decided whether to authorize an appeal in this case. "Neither the federal rules nor the provisions of 28 C.F.R. § 0.20 . . . specify when the Solicitor General must render a decision with respect to prosecuting an appeal on behalf of the United States." *Hogg v. United States*, 428 F.2d 274, 280 (6th Cir. 1970). Under Federal Rule of Civil Procedure 4(a)(1)(B), the United States must notice an appeal within 60 days after entry of the judgment and, here, that deadline is June 11, 2024. While the United States anticipates filing a notice of appeal on June 11 to protect its right to appeal, the Solicitor General's decision-making process may continue past that date. *See Serving and Filing Notice of Appeal—Pending Decision to Appeal or Cross-Appeal*, Justice Manual § 2-2.132 (recognizing that the Justice Department may file a "protective" notice of appeal to "preserve the government's right to appeal" where the Solicitor General's decision-making process extends beyond the appeal deadline). Florida should not be permitted to shortcircuit a decisionmaking process whose prudential and institutional value has long been recognized. *See, e.g.*, *Mendoza*, 464 U.S. at 161.

4. Florida's effort to preemptively bind the United States to a briefing schedule for the United States' own prospective appeal fails for other reasons.

3

Even if the Solicitor General decides by June 11 whether the United States will prosecute an appeal, Florida's proposed schedule would give the United States only a few weeks to prepare and file its opening brief. That truncated timeline is inappropriate in this complex case. The district court's decision is 98 pages long and this case involves several nuanced, important issues of federal law regarding how federal agencies comply with the Endangered Species Act when authorizing actions whose impacts are long-running, geographically dispersed, and—in many cases—unknowable at the time of authorization. *See* ECF No. 182. In the federal government's extensive experience litigating challenges to highly technical federal agency decisions, adequately briefing these issues could well warrant some extension of the normal briefing schedule, not a contraction of it.

     5. The United States understands that Florida desires prompt resolution of this case. If the United States does decide to appeal, it will work with all the parties to propose to the Court an appropriate briefing schedule ensuring that the issues are fully and adequately briefed.

     For these reasons, Florida's motion should be denied.

Respectfully submitted,

/s/ *Rebecca Jaffe*
TODD KIM
*Assistant Attorney General*

RACHEL HERON
JOAN PEPIN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 305-0258
rebecca.jaffe@usdoj.gov

June 3, 2024
DJ 90-5-1-4-21866

5

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 908 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

                                                    /s/ *Rebecca Jaffe*
                                                   REBECCA JAFFE

                                                   Counsel for the United States