ORAL ARGUMENT HAS NOT BEEN SCHEDULED

No. 24-5101

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY, ET AL.,
*Plaintiffs-Appellees / Cross-Appellants*,

v.

MICHAEL REGAN, et al.,
*Defendants-Appellants / Cross-Appellees,*

and

STATE OF FLORIDA, et al.,
*Intervenors-Defendants-Appellants / Cross-Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 1:21-cv-00119 (Hon. Randolph D. Moss)

**ENVIRONMENTAL APPELLEES' OPPOSED MOTION FOR LEAVE TO FILE CONSOLIDATED BRIEFS WITH COMBINED WORD LIMIT**

Tania Galloni
Christina I. Reichert
Earthjustice
4500 Biscayne Blvd, Ste. 201
Miami, FL 33137
Tel.: (305) 440-5432
tgalloni@earthjustice.org
creichert@earthjustice.org

Bonnie Malloy
Earthjustice
111 S. MLK Jr. Blvd.
Tallahassee, FL 32301
Tel.: (850) 681-0031
bmalloy@earthjustice.org

*Counsel for Plaintiffs-Appellees / Cross-Appellants*

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

A.   **Parties and Amici**

<u>Parties</u>: Plaintiffs-Appellees / Cross-Appellants are the Center for Biological Diversity; Defenders of Wildlife; Sierra Club; Conservancy of Southwest Florida; Florida Wildlife Federation; Miami Waterkeeper; and St. Johns Riverkeeper (collectively, "Environmental Appellees").

Federal Appellants are Michael S. Regan, in his official capacity as Administrator for the Environmental Protection Agency ("EPA"); Radhika Fox, in her official capacity as Assistant Administrator for EPA's Office of Water; Jeffrey Prieto, in his official capacity as EPA's General Counsel; Lawrence Starfield, in his official capacity as EPA's Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance; John Blevins, in his official capacity as EPA's Acting Administrator for Region 4; Leopoldo Miranda-Castro, in his official capacity as Regional Director for the Fish and Wildlife Service ("FWS"); Martha Williams, in her official capacity as Principal Deputy Director for FWS; Scott Spellmon, in his official capacity as Chief of Engineers and Commanding General of the Army Corps of Engineers ("Corps"); James Booth, in his official capacity as District Commander of the Jacksonville District for the Corps; EPA; FWS; and the Corps ("Federal Appellants").

Intervenors-Defendant-Appellants / Cross-Appellees are the State of Florida

and Florida Department of Environmental Protection ("Florida").

<u>Limited Intervenors Before the District Court:</u> Tarpon Blue Silver King I, LLC, doing business as Collier Enterprises, Ltd., and Cameratta Companies, LLC, and Cam7-Sub, LLC, were granted leave to intervene below solely for the purpose of opposing the motion for preliminary injunction.

<u>Amici:</u> In the district court, the Association of Florida Community Developers, Incorporated; Florida Chamber of Commerce; Cameratta Companies LLC; CAM7-SUB, LLC; Lennar Corporation; G.L. Homes; Greenpoint Holdings; KB Home; Pulte Group; Taylor Morrison; Florida Transportation Builders Association; Florida State Hispanic Chamber of Commerce; and Associated Industries of Florida filed amicus briefs in support of the Federal Defendants and Intervenor-Defendant-Appellants.

In the Court of Appeals, Florida Chamber of Commerce; Association of Florida Community Developers, Inc.; Mosaic Company; Florida Home Builders Association; Florida Transportation Builders' Association; Florida State Hispanic Chamber of Commerce; Leading Builders of America; Associated Industries of Florida; G.L. Homes of Florida Corp.; KB Home; Lennar Corp.; Pulte Group, Inc.; Greenpoint Holdings; and Taylor Morrison Home Corp., submitted an amicus brief in support of Intervenor-Defendant-Appellants' motion for a stay.

ii

**B.     Rulings Under Review**

Florida and Federal Appellants appeal the district court's February 15, 2024, order, as amended on April 12, 2024, ruling in favor of Environmental Appellees on summary judgment on Claims 3, 4, 6, 10–13 (Endangered Species Act claims). JA___ECF Nos. 164, 182.  That order was made final and appealable on April 12, 2024, when the district court directed entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).  JA___ECF No. 184.

Environmental Appellees have filed a conditional cross-appeal of the court's April 12, 2024, dismissal of Claims 1, 2, and 5 (Clean Water Act and Administrative Procedure Act claims) as prudentially moot.  *Id.*

**C.     Related Cases**

There are no related cases pending before this Court or the U.S. District Court for the District of Columbia.  However, a related case was filed by the Miccosukee Tribe of Indians of Florida in the U.S. District Court for the Southern District of Florida also challenging EPA's approval of Florida's 404 program.  That case was stayed and administratively closed in light of the district court's vacatur of EPA's approval of the program.  Order at 2–3, Miccosukee Tribe of Indians of Fla. v. EPA, No. 1:22-CV-22459 (S.D. Fla. July 28, 2023), JA___ECF No. 50.

        */s/ Tania Galloni*
        Tania Galloni

        *Counsel for Environmental Appellees*

iii

# RULE 26.1 DISCLOSURE STATEMENT

Environmental Appellees are Center for Biological Diversity, Defenders of Wildlife, Sierra Club, Conservancy of Southwest Florida, Florida Wildlife Federation, Miami Waterkeeper, and St. Johns Riverkeeper, not-for-profit membership organizations dedicated to environmental conservation, including the protection of threatened and endangered species and their habitats.  D.C. Cir. R. 8(a)(4), 26.1(b).  Pursuant to Federal Rule of Appellate Procedure 26.1(a) and D.C. Cir. R. 26.1(a), Environmental Appellees affirm that they are nongovernmental organizations with no parent or publicly held corporation that has an ownership interest in them.

*/s/ Tania Galloni*
Tania Galloni

*Counsel for Environmental Appellees*

# ENVIRONMENTAL APPELLEES' OPPOSED MOTION FOR LEAVE TO FILE CONSOLIDATED BRIEFS WITH COMBINED WORD LIMIT

These consolidated appeals and cross-appeal arise from the district court's ruling that the Environmental Protection Agency's approval of Florida's request to assume authority to issue dredge and fill permits under Section 404 of the Clean Water Act was unlawful under the Endangered Species Act. On September 16, 2024, the Federal and Florida appellants separately filed near full-length opening briefs. While both appellants challenge the district court's decision with some overlap in argument, their more than 24,000 words of briefing, combined, present many different arguments, raise different issues, and rely on different cases. Plaintiffs-Appellees (seven environmental organizations, or "Environmental Appellees") therefore respectfully request leave to file a consolidated response / cross-appeal opening brief with a combined word limit roughly equivalent to appellants' opening briefs and the additional words permitted for a cross-appeal (27,000 words total). Environmental Appellees further request leave to file a consolidated cross-appeal reply no more than half as long as the appellants' replies combined. Florida opposes the relief requested but would not oppose a brief of up to 19,500 words. The Federal Appellants do not oppose some extension of the word limit but believe that 27,000 words is more than required and take no position on the reply brief. Both advised Environmental Appellees' counsel that they do not intend to file a written response to the motion.

1

In support of the motion, Environmental Appellees state as follows:

1. After consolidating separate appeals filed by Florida and Federal Appellants and a conditional cross-appeal filed by Environmental Appellees, Doc. #2059481, on June 25, 2024, the Court issued a briefing schedule. Doc. #2061473. The briefing schedule set deadlines but did not address brief lengths. *Id.*

2. On July 24, 2024, Federal Appellants moved for a 45-day extension of time to file their opening brief stating that although Federal Appellants had filed a protective notice of appeal, the Solicitor General required additional time to determine whether, or to what extent, to proceed with the appeal. Doc. #2066344, at 4–5.

3. On July 30, 2024, the Court granted the motion. Doc. #2067466. The Court revised the briefing deadlines but again did not address brief lengths. *Id.*

4. On September 16, 2024, the Solicitor General authorized proceeding with Federal Appellants' appeal, and Federal Appellants filed a near full-length opening brief. Doc. #2074893. Federal Appellants certified that their brief contains 11,868 words. *Id.* at 66 (Certificate of Compliance).[1]

---

[1] Environmental Appellees cite the PDF page number of electronically filed documents rather than using the internal pagination.

5. On the same day, Florida filed a separate, full-length opening brief. Doc. #2074991. Florida certified that its brief contains 12,992 words. *Id.* at 74 (Certificate of Compliance).

6. The Court's current scheduling order contemplates that Environmental Appellees will file a single response brief which will also serve as the opening brief for Environmental Appellees' cross-appeal but does not specify a word limit. Doc. #2067466.

7. Now that the Solicitor General has authorized Federal Appellants' appeal, and Environmental Appellees are required to respond to two opening briefs from separate appellants raising different arguments, issues, and cases, they respectfully request that the word length limit for that brief correspond proportionately to the briefs filed.

8. In a cross-appeal, Federal Rule of Appellate Procedure 28.1(e) sets the following word limits, presuming a single appellant and single appellee:[2]

    Appellant's Opening Brief:        13,000

    Appellee's Response / Opening Brief: 15,300[3]

---

[2] The Rule uses the single form of "appellant," "appellee" and "brief" when setting word limits, and does not address word limits in cases where, as here, multiple appellants have appeared in a consolidated case.

[3] In cases without a cross-appeal, the appellant and appellee may both file principal briefs of up to 13,000 words. *See* Fed. R. App. P. 32(a)(7). In a cross-appeal, Rule 28.1(e) authorizes a combined response / opening brief of 15,300 words, that is,

3

        Appellant's Reply:                13,000

        Appellee's Reply:                6,500

9. In this case, however, instead of one appellant filing a 13,000-word opening brief, there are two appellants who have filed separate opening briefs totaling 24,860 words.

10. Although both appellants dispute the district court's decision, their briefs raise different arguments for the central issues on appeal, disagree on certain issues, and rely mostly on different cases.

11. Florida's brief, for example, cites thirty-five cases that Federal Appellants do not (out of forty-three cases cited), including three on which Florida chiefly relies. *Compare* Doc. #2074991 at 8–11, *with* Doc. #2074893 at 6–7. Federal Appellants cite nine cases that Florida does not (out of sixteen cited). *Id*.

12. Florida also raises legal issues that Federal Appellants have either conceded or abandoned. For example, Federal Appellants' brief does not contest Environmental Appellees' standing. But Florida's brief does. Doc. #2074991 at 31, 33–39. Federal Appellants have also now conceded on appeal that EPA violated the ESA when it failed to consult with the National Marine Fisheries Service ("NMFS") prior to approving Florida's program. Doc. #2074893 at 61–63. Florida, however,

---

2,300 more words than the standard 13,000 words.

continues to litigate that claim. Doc. #2074991 at 67–69 (arguing that EPA's failure to consult with NMFS was lawful).

13. Florida also argues for reversal of the district court's vacatur remedy, *id.* at 32, 69–72, while Federal Appellants argue that the vacatur should stay in effect on remand even if this Court rules in their favor, Doc. #2074893 at 63–64.

14. Appellants did not streamline their briefing by adopting any portion of each other's briefs. Instead, they both filed near full-length briefs that contain many, significant differences.

15. In order to ensure an adequate opportunity to respond, Environmental Appellees respectfully request that their response / cross-appeal opening brief have a limit of 27,000 words. This represents 3,600 fewer words than if Environmental Appellees filed two separate response / cross-appeal opening briefs (15,300 x 2 = 30,600). It is roughly based on the number of words used in the two appellants' opening briefs (24,860 combined) plus the additional 2,300 words that Rule 28.1(e) provides for a response / cross-opening brief in the context of a cross-appeal. (Environmental Appellees are not requesting to double the additional 2,300 words.)

16. Environmental Appellees further request that they be permitted to file a consolidated reply brief equivalent to half the word length of the replies filed by Florida and the Federal Appellants, combined. This is consistent with Federal Rule of Appellate Procedure 28.1(e), which provides for a cross-appeal reply to contain

5

half the word length of the main appeal reply, while accounting for the filing of two separate reply / cross-appeal response briefs by Florida and Federal Appellants.

17. Because Environmental Appellants now have to respond to two separate and near full-length opening briefs in these consolidated appeals and cross-appeal, they submit that this motion does not constitute a request to exceed limits on the length of briefs subject to the requirements of D.C. Cir. R. 28(e). Instead, Environmental Appellants seek a comparable word limit for a consolidated response / opening cross-appeal brief, reduced to reflect the actual lengths of the principal briefs already filed, and a similar limit for their final reply.

18. This request is consistent with the Committee Notes on Rules to the 2016 Amendments to the Federal Rules of Appellate Procedure, which state, as to Rule 28.1(e):

> In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions *or to respond to multiple briefs by opposing parties* or amici. The Committee *expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate*.

Fed. R. App. P. 28.1(e) note (2016) (emphasis added). As shown above, Environmental Appellants' request is appropriate and should therefore be accommodated.

19. Even if D.C. Cir. R. 28(e) applies, Environmental Appellants meet the standard for the relief requested.

6

20. First, the ability to respond to two separate and near full-length principal briefs by separate appellants who raise different and sometimes inconsistent arguments and issues, and who largely rely on different cases, constitutes "extraordinary compelling reasons" justifying the relief requested. D.C. Cir. R. 28(e)(1). It is a matter of fundamental fairness that Environmental Appellants be permitted to file a response brief of comparable length consistent with the rules for briefs in cross-appeals.

21. Second, Environmental Appellants have promptly filed this motion, well in advance of the seven days before the brief is due (November 1, 2024). D.C. Cir. R. 28(e)(2). Indeed, they file this motion within days of learning that Federal Appellants would proceed with their appeal and promptly comparing that brief with the one filed by Florida.

22. Third, Environmental Appellants conferred with counsel for Florida and Federal Appellants in an effort to obtain their consent and recite their positions. D.C. Cir. R. 28(e)(3).

23. Specifically, in correspondence to counsel for Environmental Appellees, counsel for Florida stated:

> The Florida Defendants oppose the requested relief for Plaintiffs' principal brief as unjustified in light of the substantial overlap between the Florida Defendants' opening brief and the Federal Defendants' opening brief. However, Florida Defendants would not oppose an expansion to 19,500 words.

7

> The Florida Defendants oppose the requested relief for Plaintiffs' reply brief as premature and unjustified because Plaintiffs' reply brief will be limited to issues raised in Plaintiffs' cross-appeal, and the standard 6,500 words should allow ample space to address those issues on reply.

24. Counsel for Federal Appellants stated: "The United States does not oppose some extension of the word limit but believes that 27,000 words is more than required."

25. Environmental Appellees submit that their request is warranted based on the unique circumstances of this case. Florida's proposed 19,500 words is only 4,200 words more than the 15,300 words authorized by the rules for a response / opening cross-appeal brief under ordinary circumstances. Environmental Appellees would be prejudiced by being so restricted in responding to the more than 24,000 words of briefing presented by the two appellants, given the differences between those briefs as described above, while also presenting their opening arguments on cross-appeal. Environmental Appellees make a comparable request as to their final reply brief. It would serve the interests of judicial economy to set the brief lengths for both at once.

## **CONCLUSION**

Based on the foregoing, Environmental Appellees respectfully request that the motion be granted. Specifically, they request leave to file a response / cross-appeal opening brief of no more than 27,000 words and a final reply brief of no more than

8

half the length of the appellants' replies, combined.

Dated: September 20, 2024          Respectfully submitted,

*/s/ Tania Galloni*
Tania Galloni
Christina I. Reichert
Earthjustice
4500 Biscayne Blvd., Ste. 201
Miami, FL 33137
Email: tgalloni@earthjustice.org
Email: creichert@earthjustice.org
Telephone: (305) 440-5432

Bonnie Malloy
Earthjustice
111 South Martin Luther King Jr. Blvd.
Tallahassee, FL 32301
Email: bmalloy@earthjustice.org
Telephone: (850) 681-0031

## **CERTIFICATE OF COMPLIANCE**

In accordance with Fed. R. App. P. 27(d) and D.C. Cir. R. 27(a), I certify that this Motion complies with the type-volume limitation of 5,200 words, excluding any accompanying documents exempted by Rule 27(a)(2)(B), because it consists of 1,752 words. I further certify that this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this Motion is written in Times New Roman 14-point font using Microsoft Word.

Dated: September 20, 2024

*/s/ Tania Galloni*
Tania Galloni

*Counsel for Environmental Appellees*