**ORAL ARGUMENT HAS NOT BEEN SCHEDULED**

No. 24-5101

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CENTER FOR BIOLOGICAL DIVERSITY, ET AL.,
*Plaintiff-Appellees / Cross-Appellants*,

v.

MICHAEL REGAN, ET AL.,
*Defendant-Appellants / Cross-Appellees*,

and

STATE OF FLORIDA, ET AL.,
*Intervenors-Defendants-Appellants / Cross-Appellees*.

Appeal from the United States District Court for the District of Columbia
No. 1:21-cv-0119 (Hon. Randolph D. Moss)

**ENVIRONMENTAL APPELLEES' REPLY BRIEF**

Tania Galloni
Christina I. Reichert
Earthjustice
4500 Biscayne Blvd, Ste. 201
Miami, FL 33137
Tel.: (305) 440-5432
tgalloni@earthjustice.org
creichert@earthjustice.org

Bonnie Malloy
Earthjustice
111 S. MLK Jr. Blvd.
Tallahassee, FL 32301
Tel.: (850) 681-0031
bmalloy@earthjustice.org

*Counsel for Plaintiff-Appellees / Cross-Appellants*

i

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and Amici

Parties: Plaintiffs-Appellees / Cross-Appellants are the Center for Biological Diversity; Defenders of Wildlife; Sierra Club; Conservancy of Southwest Florida; Florida Wildlife Federation; Miami Waterkeeper; and St. Johns Riverkeeper (collectively, "Environmental Appellees").

Federal Appellants are Michael S. Regan, in his official capacity as Administrator for the Environmental Protection Agency ("EPA"); Radhika Fox, in her official capacity as Assistant Administrator for EPA's Office of Water; Jeffrey Prieto, in his official capacity as EPA's General Counsel; Lawrence Starfield, in his official capacity as EPA's Acting Assistant Administrator for the Office of Enforcement and Compliance Assurance; John Blevins, in his official capacity as EPA's Acting Administrator for Region 4; Leopoldo Miranda-Castro, in his official capacity as Regional Director for the Fish and Wildlife Service ("FWS"); Martha Williams, in her official capacity as Principal Deputy Director for FWS; Scott Spellmon, in his official capacity as Chief of Engineers and Commanding General of the Army Corps of Engineers ("Corps"); James Booth, in his official capacity as District Commander of the Jacksonville District for the Corps; EPA; FWS; and the Corps (collectively, "Federal Appellants").

Intervenors-Defendant-Appellants / Cross-Appellees are the State of Florida

and Florida Department of Environmental Protection (collectively, "Florida").

<u>Limited Intervenors Before the District Court:</u> Tarpon Blue Silver King I, LLC, doing business as Collier Enterprises, Ltd., Cameratta Companies, LLC, and Cam7-Sub, LLC, were granted leave to intervene below solely for the purpose of opposing Environmental Appellees' motion for a preliminary injunction.

<u>Amici:</u> Association of Florida Community Developers, Inc.; Associated Industries of Florida; Cameratta Companies LLC; CAM7-SUB, LLC; Florida Chamber of Commerce; Florida State Hispanic Chamber of Commerce; Florida Transportation Builders Association; G.L. Homes of Florida Corp.; Greenpoint Holdings; KB Home; Lennar Corp.; Pulte Group, Inc.; and Taylor Morrison Home Corp. have appeared as amici in the district court and Court of Appeals. Florida Home Builders Association; Leading Builders of America; and Mosaic Company have also appeared as amici in the Court of Appeals. The State of Utah, joined by Alabama, Alaska, Arkansas, Idaho, Iowa, Kentucky, Louisiana, Mississippi, Montana, Nebraska, Ohio, Oklahoma, South Carolina, South Dakota, Texas, Virginia, West Virginia, and Wyoming, also submitted an amicus brief in support of Appellants. The Miccosukee Tribe of Indians of Florida submitted an amicus brief in support of Appellees.

**B.     Rulings Under Review**

Federal Appellants and Florida ("Appellants") appeal the district court's

February 15, 2024, order, as amended on April 12, 2024, ruling in favor of Environmental Appellees on summary judgment on Claims 3, 4, 6, 10–13 (Endangered Species Act claims). JA___/Dkt. 164; JA___/Dkt. 182. That order was made final and appealable on April 12, 2024, when the district court directed entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). JA___/Dkt. 184.

Environmental Appellees filed a conditional cross-appeal of the court's April 12, 2024, dismissal of Claims 1, 2, and 5 (Clean Water Act and Administrative Procedure Act claims) as prudentially moot. *Id.*

C.   **Related Cases**

There are no related cases pending before this Court or the U.S. District Court for the District of Columbia. However, a related case was filed by the Miccosukee Tribe of Indians of Florida in the U.S. District Court for the Southern District of Florida also challenging EPA's approval of Florida's 404 program. That case was stayed and administratively closed in light of the district court's vacatur of EPA's approval of the program. Order at 2–3, Miccosukee Tribe of Indians of Fla. v. EPA, No. 1:22-CV-22459 (S.D. Fla. July 28, 2023), Dkt. 50; Order, Miccosukee Tribe of Indians of Fla. v. EPA, No. 1:22-CV-22459 (S.D. Fla. July 28, 2023), Dkt. 60.

*/s/ Tania Galloni*
Tania Galloni

*Counsel for Environmental Appellees*

iv

# RULE 26.1 DISCLOSURE STATEMENT

Environmental Appellees are the Center for Biological Diversity, Defenders of Wildlife, Sierra Club, Conservancy of Southwest Florida, Florida Wildlife Federation, Miami Waterkeeper, and St. Johns Riverkeeper, not-for-profit membership organizations dedicated to environmental conservation, including the protection of threatened and endangered species and their habitats.  D.C. Cir. Rule 8(a)(4), 26.1(b).  Pursuant to Federal Rule of Appellate Procedure 26.1(a) and D.C. Cir. Rule 26.1(a), Environmental Appellees affirm that they are nongovernmental organizations with no parent or publicly held corporation that has an ownership interest in them.

> */s/ Tania Galloni*
> Tania Galloni
>
> *Counsel for Environmental Appellees*

# **TABLE OF CONTENTS**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............ ii

RULE 26.1 DISCLOSURE STATEMENT............................................................v

TABLE OF CONTENTS ..................................................................................... vi

TABLE OF AUTHORITIES ............................................................................... vii

GLOSSARY........................................................................................................ viii

INTRODUCTION ..................................................................................................1

SUMMARY OF ARGUMENT ..............................................................................1

ARGUMENT ..........................................................................................................1

CONCLUSION.......................................................................................................6

CERTIFICATE OF COMPLIANCE ......................................................................8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    **Page(s)**

*Am. Fed'n of Gov't Emps., AFL-CIO v. Pierce*,
   697 F.2d 303 (D.C. Cir. 1982)......................................................................3

*Crow Creek Sioux Tribe v. Brownlee*,
   331 F.3d 912 (D.C. Cir. 2003)...................................................................2, 3

*In re Navy Chaplaincy*,
   534 F.3d 756 (D.C. Cir. 2008)......................................................................4

*NB ex rel. Peacock v. D.C.*,
   682 F.3d 77 (D.C. Cir. 2012)........................................................................4

*Save Jobs USA v. U.S. Dep't of Homeland Sec., Off. of Gen. Couns.*,
   111 F.4th 76 (D.C. Cir. 2024).......................................................................4

*Waterkeeper Alliance, Inc. v. Regan*,
   41 F.4th 654 (D.C. Cir. 2022)...................................................................5, 6

# **GLOSSARY**

| | |
|---|---|
| APA | Administrative Procedure Act |
| Appellants | Federal Appellants and Florida |
| Corps | U.S. Army Corps of Engineers |
| Environmental Appellees | Plaintiffs-Appellees / Cross-Appellants Center for Biological Diversity, Defenders of Wildlife, the Sierra Club, the Conservancy of Southwest Florida, Florida Wildlife Federation, Miami Waterkeeper, and St. Johns Riverkeeper |
| EPA | U.S. Environmental Protection Agency |
| ESA | Endangered Species Act |
| Federal Appellants | Defendant-Appellants / Cross-Appellees EPA, FWS, the Corps, and federal officials |
| Florida | Intervenors-Defendants-Appellants / Cross-Appellees State of Florida and Florida Department of Environmental Protection |
| FWS | U.S. Fish and Wildlife Service |

# INTRODUCTION

Because the district court's ruling on the ESA claims should be affirmed, the Court need not reach Environmental Appellees' conditional cross-appeal of the district court's dismissal of their APA and Clean Water Act claims as prudentially moot. But if it does, the Court should reject Florida's invitation to affirm that dismissal based on a purported lack of standing.[1]

# SUMMARY OF ARGUMENT

Contrary to Florida's suppositions, governing precedent requires the Court to assume, for purposes of standing, that Environmental Appellees would prevail on the merits of their claims. And, contrary to Florida's arguments, Environmental Appellees established a direct causal link between EPA's approval of Florida's program and harms to their recreational and aesthetic interests in protected species. Therefore, if the Court reaches the cross-appeal claims, it should remand this matter to the district court for further proceedings on those claims.

# ARGUMENT

Florida argues that "the same reasoning" it puts forward to challenge Environmental Appellees' standing on the ESA claims also applies to defeat their

---

[1] Florida raises no other objection to the cross-appeal. Federal Appellants, for their part, did not address the cross-appeal claims other than to state that the district court's prospective disposition of those claims might affect the remedy should this Court remand on the ESA claims. Doc. #2093841 at 10. (Note that pin cites for filings in the Circuit Court refer to the ECF rather than internal page number.)

1

standing on the APA and Clean Water Act claims. Doc. #2093888 at 25 n.5. But Florida's arguments fail as to these claims as well, and for the same reasons. *See* Doc. #2083240 at 46–57.[2]

For starters, *Crow Creek Sioux Tribe v. Brownlee*, 331 F.3d 912 (D.C. Cir. 2003), is no help to Florida. As we have explained, in that case, the Tribe lacked standing to challenge a transfer of federal lands to Utah because the transfer effectuated no change in federal jurisdiction or authority. *Id.* at 917. Here, by contrast, a Florida agency was authorized to administer a state law program "in lieu of" the federal program administered by a federal agency (the Corps) while federal agencies were shifted to "oversight" (EPA) and "technical assistance" (FWS) roles. JA___/EPA-HQ-OW-2018-0640-0019, at 1; JA___/EPA-HQ-OW-2018-0640-0019, at 7; JA___/EPA-HQ-OW-2018-0640-0018, at 4–6; JA___/EPA-HQ-OW-2018-0640-016-A2, at 5–8. Thus, by definition and design, the transfer of authority effectuated a legal change. Indeed, Environmental Appellees' central Clean Water Act claim challenges the adequacy of Florida's state law program as compared to the federal program. *See, e.g.*, JA___/Dkt. 98 at 55–70; JA___/Dkt. 104 at 53–90.

Florida argues that *Crow Creek* allows the Court to sidestep the black-letter

---

[2] Despite making an oblique reference to informational injury in its opening brief on the ESA appeal, Doc. #2074991 at 35 n.4, Florida has not disputed the other harms Environmental Appellees asserted below to support standing for their APA and Clean Water Act claims, JA___/Dkt. 98 at 75–81; JA___/Dkt. 104 at 90–115, which are those relevant to the cross-appeal.

2

rule of standing law which requires the Court to presume that Environmental Appellees would prevail on the merits of their claims. *See* Doc. #2093888 at 19–20. Because *Crow Creek* was a "procedural" rather than "substantive" case, the State surmises, the Court did not, and was not required to, presume that the Tribe would prevail on the merits of their claims (and therefore should not presume that Environmental Appellees would prevail here either). *Id.*

But *Crow Creek* said nothing of the sort—it did not address this issue at all. Rather, the Court found that there was no harm to the Tribe because the statute requiring the land transfer explicitly provided that the same cultural protection statutes that applied to federal lands would also apply to the transferred lands. 331 F.3d at 916–17. And the Court found that the same federal agency would continue to retain full enforcement jurisdiction and authority there. *Id.* at 917 ("Legally, nothing changed when the land transfer occurred, and therefore, the Tribe suffered no injury."). The Court rejected as purely speculative the Tribe's "unsupported conjecture" that enforcement would suffer merely because of a transfer in title (rather than a transfer of authority). *Id.*

Moreover, the *Crow Creek* panel could not have disregarded longstanding precedent requiring the Court to assume, for purposes of standing, that plaintiffs would prevail on the merits of their claims. *Am. Fed'n of Gov't Emps., AFL-CIO v. Pierce*, 697 F.2d 303, 305 (D.C. Cir. 1982) ("For purposes of the standing issue, we

3

accept as valid [plaintiff's] pleaded legal theory."); *In re Navy Chaplaincy*, 534 F.3d 756, 760 (D.C. Cir. 2008) (quoting *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003)); JA___/Dkt. 182 at 42 (articulating principle). Even if the panel had addressed and disagreed with this principle (which it did not), the panel could not have reversed controlling precedent. *Save Jobs USA v. U.S. Dep't of Homeland Sec., Off. of Gen. Couns.*, 111 F.4th 76, 79 (D.C. Cir. 2024).

Nor has the Court, as Florida claims, carved out an exception to this rule for "procedural" versus "substantive" challenges. Rather, the Court applies the same longstanding rule to procedural challenges as well. *See NB ex rel. Peacock v. D.C.*, 682 F.3d 77, 81–82, 85 (D.C. Cir. 2012) (articulating and applying "well-accepted principles of standing" governing consideration of procedural claim, including the presumption that plaintiff would prevail on the merits).

Even if such an exception to the rule existed (it does not), it would also fail here because Environmental Appellees' claims are both procedural and substantive. *See, e.g.*, JA___/Dkt. 77 at 25–27 ¶¶ 104–17 (challenging EPA's determination that Florida's assumption application was "complete" in light of omissions in the application); JA___/Dkt. 77 at 27–35 ¶¶ 118–61 (challenging substantive inadequacies of the state law program as compared to the federal program); JA___/Dkt. 77 at 42–43 ¶¶ 202–12 (challenging EPA's substantive "no effect" determination as to the impact of Florida's program on protected marine species).

4

Florida's newfound reliance on a different part of *Waterkeeper Alliance, Inc. v. Regan*, 41 F.4th 654 (D.C. Cir. 2022), Doc. #2093888 at 21–22, fares no better. There, the Court determined that the plaintiffs had no standing to challenge a class of state permits ("lifetime permits") as less protective than similar federal permits because the threat of harm was based on an *expectation* that federal regulations stricter than state law would be promulgated in the future. 41 F.4th at 663. Here, by contrast, the relevant federal statutes and regulations were long in place and pre-dated the state program. *See, e.g.*, JA___/Dkt. 77 at 27–35 ¶¶ 118–61.

Florida relies on this failed analogy to argue that Environmental Appellees cannot show harm from EPA's approval of Florida's program because the risk to protected species, the State claims, is based on an overly attenuated causal chain relating to future individual permits. Doc. #2093888 at 22. But this argument ignores the applicable standard, the record, and the programmatic nature of Environmental Appellees' claims. *See* Doc. #2083240 at 52–55. Environmental Appellees' interests in minimizing loss to protected species were unrebutted, *see id.* at 46–48, and FWS admitted that EPA's approval of Florida's program was "'reasonably certain' to result in some take of all 139 listed species in the State," JA___/Dkt. 182 at 41; Doc. # 2083240 at 53. The risk of harm thus flowed directly from Federal Appellants' actions.

Even if Environmental Appellees were required to show the risk of harm from

5

the State's issuance of individual permits (which they are not), they met that burden as well. Doc. #2083240 at 53; JA___/Dkt. 104 at 100–01. The harms in *Waterkeeper* relied on speculative updates to federal law that plaintiffs expected would be more protective than the state law in effect at that future time. 41 F.4th at 663. Here, by contrast, it was undisputed that Florida would issue individual permits pursuant to the EPA-approved state law program which Environmental Appellees alleged was inadequate under existing federal requirements. Doc. #2083240 at 53; JA___/Dkt. 104 at 100–01.

## CONCLUSION

Environmental Appellees therefore respectfully request that if the Court reaches their cross-appeal, the Court reverse and remand the district court's dismissal of Environmental Appellees' APA and Clean Water Act claims for further proceedings.

Dated: February 5, 2025

Respectfully submitted,

*/s/ Tania Galloni*
Tania Galloni
Christina I. Reichert
Earthjustice
4500 Biscayne Blvd., Ste. 201
Miami, FL 33137
Email: tgalloni@earthjustice.org
Email: creichert@earthjustice.org
Telephone: (305) 440-5432

Bonnie Malloy
Earthjustice

6

111 South Martin Luther King Jr. Blvd.
Tallahassee, FL 32301
Email: bmalloy@earthjustice.org
Telephone: (850) 681-0031

## **CERTIFICATE OF COMPLIANCE**

In accordance with Fed. R. App. P. 32(g), D.C. Cir. Rule 32(e), and the Court's October 29, 2024, Order, Doc. #2082482, I certify that this Brief complies with the type-volume limitation because Respondents' Brief contains 1,372 words, excluding the parts of the brief exempted by Rule 32(f).

I further certify that this Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief is written in Times New Roman 14-point font using Microsoft Word.

Dated: February 5, 2025                     */s/ Tania Galloni*
                                            Tania Galloni

                                            *Counsel for Environmental Appellees*